UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cr-00164-SRC-2 |
| DEMETRIUS A. RANSOM, | ) ) ) |
| Defendant. | ) |

# Order

In June 2023, DEA agents contacted Defendant Demetrius A. Ransom to see if he was available to meet with them for a few minutes. Ransom confirmed he was available and drove to a nearby apartment complex to meet with the agents. During the meeting, agents told Ransom that he was not under arrest, but that they had a case against him for selling drugs and that Ransom could help himself by cooperating with them. Following the conversation, Ransom asked for a business card and left. Ransom now asks the Court to suppress any evidence and statements obtained during the discussion because the agents never Mirandized him. However, a custodial interrogation did not occur, and no basis to suppress exists.

**I.   Background**

In April 2024, a federal grand jury indicted Ransom on one count of conspiracy to distribute a controlled substance and two counts of distribution of a controlled substance. Docs. 1–2. In July 2024, Ransom filed a motion to suppress evidence and statements, doc. 69, a motion to produce early Jencks Act material, doc. 70, and a motion to produce the identity of the confidential source, doc. 71. The Court referred all three motions to United States Magistrate Judge Rodney H. Holmes pursuant to 28 U.S.C. § 636(b). On September 24, 2024, Judge

Holmes issued a Report and Recommendation recommending that the Court deny all three motions. Doc. 96. Ransom timely filed objections to Judge Holmes's R&R. Docs. 97.

## II.     Standard

When a party objects to a magistrate judge's R&R, the district judge must conduct a de-novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). In making its de-novo determination, the Court reviewed the record related to Ransom's motions.

## III.    Discussion

### A.     Findings of fact

The magistrate judge made the following findings of fact:

> On June 1, 2023, Drug Enforcement Administration (DEA) Task Force Officer (TFO) Colin Subick called Mr. Ransom's mobile telephone. Mr. Ransom answered the phone and TFO Subick identified himself as a DEA officer and stated that he wanted to meet with Mr. Ransom. Mr. Ransom agreed to meet with TFO Subick informed him that he was parked in front of the home in a gray Charger. Mr. Ransom asked if they could meet at the bank. TFO Subick agreed and stated that he would follow Mr. Ransom to the location. Upon arrival at the bank Mr. Ransom drove to another location. TFO Subick told Mr. Ransom that he appreciated him meeting with the agents and he was not under arrest. TFO Subick advised that DEA has purchased drugs from Mr. Ransom, but he was not there to talk about the case. He was not trying to get information or for him to admit to anything. TFO Subick stated that Mr. Ransom has not been indicted yet. TFO Subick told Mr. Ransom that he has been doing well and has not been in any trouble in 15 years. TFO Subick told Mr. Ransom that he would like to give him a chance to help himself out by cooperating. Mr. Ransom asked for a card. TFO Subick asked that Mr. Ransom not say anything to anyone. He asked Mr. Ransom to let him know what he decides either way. The meeting ended and both parties drove away.

Doc. 96 at 2–3.[1]  Neither party objected to these findings, *see* doc. 97, and, having reviewed the record, the Court finds these findings are accurate.  Therefore, the Court adopts the magistrate judge's findings of fact.

    **B.**    **Conclusions of law**

        **1.**    **Motion to suppress evidence and statements**

Ransom objects to the magistrate judge's conclusion that his interaction with agents did not constitute a custodial interview and therefore the agents did not have an obligation to read him his *Miranda* rights.  Doc. 97 at 3.  The Eighth Circuit utilizes the following nonexclusive, six-factor test to determine whether a suspect was in custody:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*United States v. Sanchez*, 676 F.3d 627, 630 (8th Cir. 2012) (quoting *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990)).

All six factors weigh in favor of Ransom not being in custody.  TFO Subick called Ransom to ask if he could talk, stating that the conversation would only take a few minutes then Ransom would be on his way.  After agreeing to speak with the agents, Ransom exited his house, entered his own vehicle, choose the location he would drive to, and met with the agents. When Ransom met with the agents, they told Ransom that he was "not under arrest in any way," they were not trying to get information from him about their case against him, and they were not

---

[1] The Court cites to page numbers as assigned by CM/ECF.

trying to get him to admit to anything. Ex. 1 at 7:20–8:02. The agents told Ransom that he had an opportunity to help himself out by cooperating with them. At the end of the meeting, Ransom drove away. No evidence suggests that a custodial interrogation took place or that agents had any obligation to read Ransom *Miranda* rights. Therefore, the Court overrules Ransom's objections, adopts the magistrate judge's conclusion, and denies Ransom's Motion to Suppress Evidence and Statements.

### 2. Motion to produce early Jencks Act material

The magistrate judge concluded that the Eighth Circuit has repeatedly held that courts cannot compel the United States to disclose Jencks material earlier than the rule and statute require. Doc. 96 at 4–5 (citing *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984); *United States v. Constantine*, 674 F.3d 985, 989 (8th Cir. 2012)). In his objections, Ransom concedes the magistrate judge's conclusion. Doc. 97 at 1. Therefore, the Court adopts the magistrate judge's conclusion and denies Ransom's Motion to Produce Early Jencks Act Material.

### 3. Motion to produce the identity of the controlled source

Before the magistrate judge issued his R&R, the parties came to an agreement that the United States will produce the identity of the confidential informant at least 14 days in advance of trial. Doc. 96 at 6; doc. 97 at 1. Because Ransom concedes this his motion is now moot, doc. 97 at 1, the Court denies Ransom's Motion to Produce the Identity of the Controlled Source as moot.

## IV. Conclusion

The Court sustains, adopts, and incorporates the United States Magistrate Judge's [96] Report and Recommendation. The Court denies Defendant Demetrius A. Ransom's [69]

Motion to Suppress Evidence and Statements and [70] Motion to Produce Early Jencks Act Material. Additionally, the Court denies Ransom's [71] Motion to Produce the Identity of the Confidential Source as moot.

So ordered this 22nd day of November 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE